UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN RYGG, et al., | CASE NO. C11-1827JLR |
| Plaintiffs, | ORDER |
| v. | |
| DAVID F. HULBERT, et al., | |
| Defendants. | |

This matter comes before the court on a motion to stay pending resolution of appeals brought by Plaintiffs Craig Dilworth and Carolyn Rygg (Dkt. # 184), and a motion for protective order and to quash brought by numerous defendants (Dkt. # 182). The court has considered the submissions of the parties and the governing law. Considering itself fully advised, the court DENIES Plaintiffs' motion for stay and DENIES as moot Defendants' motion for a protective order and to quash. Further, the court endeavors to clarify for the parties the status of this case going forward so that they may avoid filing unnecessary motions and so that the case may proceed on schedule.

ORDER- 1

## I. FACTUAL BACKGROUND

This case involves a property dispute between neighbors that has now escalated into protracted, costly federal court litigation. The escalation occurred after the Plaintiffs lost their case in state court, at which time they decided to name as defendants in this federal court action all of the state court judicial apparatus involved in the original case. For example, Plaintiffs name as defendants numerous judges from the Washington Court of Appeals and Washington State Supreme Court, who brought many lawyers into the case to defend them. The lawsuit has consumed considerable resources both in this court and in the state system.

This case has now been split into two parts. In July, the court granted Defendants' motion to dismiss nearly all of the Plaintiffs' claims, leaving only one set of claims against Defendants Larry and Karen Reinertsen ("the Reinertsens") based on alleged wiretapping. (7/16/12 Order (Dkt. # 104).) Next, the court granted a motion to characterize the dismissed claims as a final judgment so that they could proceed to the Ninth Circuit to be resolved on appeal. (9/4/12 Order (Dkt. # 139).) In the meantime, the surviving claims against the Reinertsens were to remain in this court until one party prevailed on summary judgment or at trial. (*Id.* at 4-5.) The court determined that there was little overlap between the dismissed claims and the remaining claims, and therefore it was wholly appropriate to split the case into two in order to resolve all claims as swiftly as possible. (*Id.*)

Now, in one of the motions before the court, Plaintiffs request that the court place on hold the proceedings against the Reinertsens until the other half of the case has been

ORDER- 2

resolved by the Ninth Circuit. In the other motion before the court, Defendants seek to prevent Plaintiffs from going forward with certain deposition requests made over the winter holidays with little notice, the date for which has already passed.

## II. ANALYSIS

### A. Initial Clarifications With Respect to Case Schedule

On December 5, 2012, the court entered a minute order setting a trial date and various case deadlines. (Minute Order Setting Trial Date and Related Dates (Dkt. # 163).) The trial date and the related deadlines apply to the portion of the case that remains in this court—specifically, to the surviving claims against the Reinertsens. They do not apply to the portion of the case which has in effect been severed from those claims—the dismissed claims currently pending on appeal before the Ninth Circuit. This means several things: First, discovery with respect to the claims against the Reinertsens is presently ongoing given that the discovery cutoff for those claims does not occur until February 4, 2013. (*Id.*) Thus, there is no need for either side to "re-open" discovery with respect to these claims, since discovery should be taking place at this time in order to provide an adequate record for the court to resolve the surviving claims. Second, the parties still have an opportunity to resolve the claims against the Reinertsens without proceeding to trial because the deadline for filing dispositive motions is March 5, 2013. (*Id.*)

Next, the court points out that the deadlines for filing motions to amend the pleadings and for adding parties, which the court set for January 2, 2013, have now passed. (*Id.*) The court initially set the deadline to amend pleadings in error, but has

since extended that deadline at Plaintiffs' request on two separate occasions. (12/11/12 Order (Dkt. # 166); 12/20/12 Order (Dkt. # 171).) Most recently, the court moved the deadline to January 2, 2013, but refused Plaintiffs' request to extend it any further. This deadline has now passed and Plaintiffs have not filed a motion to amend the complaint. As such, the court will not entertain any motions to amend the complaint, nor will it consider any motions to again extend the deadline for filing such motions absent a showing of good cause. (*See* 12/20/12 Order.)

Finally, the court stresses that it does not intend to do anything substantive with respect to the previously-dismissed claims until those claims are resolved by the Ninth Circuit. Those claims were severed from the rest of the case so that they could be appealed immediately. Thus, it is not appropriate for either side to request discovery with respect to those claims at this time, nor is it appropriate to request any other relief that would amount to moving forward on those claims before the appeal is resolved (e.g., requesting leave to amend those claims). Those claims are effectively on hold for now, and indeed they may never return to this court if the Ninth Circuit determines that dismissal was appropriate. Having set forth these general case management principles, the court now turns to the parties' specific requests for relief.

**B.     Motion to Stay**

First, Plaintiffs seek to stay all proceedings in this court until the Ninth Circuit resolves the Plaintiffs' appeal. The party requesting a stay bears the burden of proving that a stay is necessary. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). The power to stay proceedings springs from the inherent power of the court to control the disposition of the

ORDER- 4

causes on its docket with economy of time and effort for itself, counsel, and for litigants. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). To determine whether a stay is appropriate, a court should weigh the competing interests which will be affected by the stay, including the following three factors: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, the court has already weighed these case management interests and determined that splitting this case into two is the better option going forward. In prior orders, the court explained that principles of prudent case management favor allowing the dismissed claims to go forward on appeal while the surviving claims continue in this court. (*See, e.g.*, 9/4/12 Order (Dkt. # 139).) Plaintiffs' request for a stay is tantamount to asking the court to rebalance these interests and reach a different result. In other words, Plaintiffs are simply rearguing the motion they lost four months ago. The court continues to believe that its present case management schedule is in the best interest of judicial economy and will best serve the litigants going forward, and accordingly will stay the course with its present schedule. Nothing in the factors listed above (e.g., possible damage, hardship, or inequity) suggests any alternative schedule would better serve the orderly course of justice. As such, the court DENIES Plaintiffs' motion to stay.

### C. Motion for Protective Order and to Quash

Next, Defendants seek relief from several discovery requests. On December 20, 2012, Plaintiffs filed eight documents entitled "Notice to Take Deposition" of various defendants. (*See* Dkt. ## 173-180.) All eight depositions were purportedly going to take place six days later on December 26, 2012, at a time when most deponents and attorneys would likely be celebrating the winter holidays. Four days later, on December 24, 2012, defendants filed this motion for a protective order and to quash the deposition requests. (Mot. to Quash (Dkt. # 182).) In the motion, Defendants indicated that none of the persons sought to be deposed would appear at the depositions because Plaintiffs had not provided proper notice of the depositions, had not served the Defendants, had improperly filled out subpoena forms, and because the depositions were outside the permissible scope of discovery.

By now, the date for these depositions has passed. They either took place or they did not. Accordingly, the court DENIES as moot the Defendants' requests for relief from the deposition notices as presently filed. The court also declines to follow Plaintiffs' suggestion that it treat Defendants' motion as a motion to modify the subpoenas under Federal Rule of Civil Procedure 45(c)(3)(B). (*See* Resp. (Dkt. # 187) at 12.) The notices of depositions and subpoenas are null and void and will have no legal effect going forward, so the court will not rule on issues related to them. Nor will the court rule on Defendants' request for a protective order at this time since many of Defendants' arguments depend heavily on the unique circumstances of these now-moot subpoenas.

1     However, in the interest of conserving judicial resources, the court provides
2 guidance to the parties should similar requests be filed in the future. First, the court will
3 require all discovery requests to comply with ordinary notice principles and formalities.
4 In particular, the parties must comply with Federal Rule of Civil Procedure 30(b)(1),
5 which requires "reasonable notice" before the taking of a deposition, with Local Rule
6 30(a)(2), which requires 14 days notice in advance of a deposition, and with Federal Rule
7 of Civil Procedure 45, which dictates the service requirements for subpoenas. Second,
8 the court will follow the principles outlined in *Shelton v. American Motors Corp.* with
9 respect to whether the Plaintiffs will be allowed to depose attorneys in this matter. 805
10 F.2d 1323, 1327-28 (8th Cir. 1986). In other words, if Plaintiffs want to depose
11 Defendants' attorneys, as they have requested to do, they must show that the information
12 sought from the attorneys (1) cannot be obtained through other means; (2) is relevant and
13 not covered by privilege or the work-product doctrine; and (3) is necessary in preparing
14 their case. *Id.*

### III. CONCLUSION

The court DENIES Plaintiffs' motion for stay (Dkt. # 184) and DENIES as moot Defendants' motion for a protective order and to quash (Dkt. # 182).

Dated this 4th day of January, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 7