UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN RYGG, et al., | CASE NO. C11-1827JLR |
| Plaintiffs, | ORDER ON DISCOVERY MOTIONS |
| v. | |
| DAVID F HULBERT, et al., | |
| Defendants. | |

This matter comes before the court on three separate motions related to discovery in this case. (*See* Mot. to Quash (Dkt. # 189); Mot. for Protective Order (Dkt. # 195); Mot. to Compel (Dkt. # 197).) All three motions are about whether Plaintiffs Carolyn Rygg and Craig Dilworth should be allowed to depose Defendants' attorneys. The court holds that Plaintiffs have not made the required showing to depose attorneys in this case. Accordingly, the court GRANTS Defendants' motions to quash and for a protective order, and DENIES Plaintiffs' motion to compel.

ORDER- 1

## I. ANALYSIS

All three motions in this case were filed after the deadline for discovery motions. However, given the parties' evident disagreement on this issue, and in an effort to conserve resources, the court finds good cause to rule on the motions in order to settle this dispute and keep the case moving forward.

### A. Motion to Quash and for Protective Order

In a previous order, the court set forth a standard for when Plaintiffs would be allowed to depose Defendants' attorneys:

> [I]f Plaintiffs want to depose Defendants' attorneys, as they have requested to do, they must show that the information sought from the attorneys (1) cannot be obtained through other means; (2) is relevant and not covered by privilege or the work-product doctrine; and (3) is necessary in preparing their case.

(1/4/13 Order (Dkt. # 188) at 7 (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327-28 (8th Cir. 1986)).) This standard is fairly straightforward, and as per the court's order, it must be met before Plaintiff can depose any attorney representing Defendants in this matter.[1]

Plaintiffs recently served subpoenas on many of the law firms and lawyers connected to this case, but they did so without complying with the standard adopted in the court's previous order. (*See* Reply (Dkt. # 198) at 1-2.) Plaintiffs make only one

---

[1] Plaintiffs have filed a motion for reconsideration of the court's January 4, 2013, order setting forth the *Shelton* standard and a motion for leave to file excess pages for that motion. The court GRANTS the motion for leave to file excess pages (Dkt. # 201) and DENIES the motion for reconsideration (Dkt. # 202), finding that there was no manifest error of law or fact in its previous order and that reconsideration is not warranted under the standard set forth in Local Rules W.D. Wash CR 7(h).

attempt to satisfy the *Shelton* standard, which can be found in their response to Defendants' motion to quash. (*See* Resp. (Dkt. # 192) at 10-14.) This attempt to satisfy the standard is incomplete, unconvincing, and does not address all of the criteria from the *Shelton* case. (*Id.*) Therefore, this effort is insufficient to carry Plaintiffs' burden and to confer upon Plaintiffs any right to depose Defendants' attorneys.

Because Plaintiffs have not met their burden under *Shelton* and under the court's previous order, the court GRANTS Defendants' motion to quash the subpoenas directed at attorneys involved in this case, including the Attorney General's Office, Geoffrey Gibbs, Byrnes Keller Cromwell, LLP, Cogdill Nichols Rein Wartelle Andrews Vail, Brandstetter Law Offices, Anderson Hunter Law Firm, Weed Graafstra and Benson, Inc. P.S., and the Snohomish County Prosecutor's Office. This extends not only to subpoenas requesting depositions, but also to subpoenas *duces tecum* requesting documents from Defendants' lawyers. The document requests are the substantial equivalent of depositions for these purposes and are just as problematic as the deposition requests, and for the same reasons.

**B.     Motion to Compel**

Plaintiffs have moved to compel production either of documents or of a privilege log, or for various alternative forms of relief they propose. The court DENIES this motion (Dkt. # 197). Plaintiffs argue that they cannot make the showing required under *Shelton* unless they know what information Defendants are claiming is privileged. They argue that Defendants must produce a privilege log pursuant to Federal Rule of Civil Procedure 45(d)(2) so that Plaintiffs can then meet their burden of showing discovery is

warranted under *Shelton*. This confuses the burden of proof under *Shelton* and applies Rule 45(d)(2) prematurely. Rule 45(d)(2) sets forth procedures that must be followed when a party asserts a privilege. But Defendants are not asserting a privilege here—they are only insisting that Plaintiffs meet their burden under *Shelton*. Thus, Rule 45(d)(2) does not apply and Defendants are not required to produce a privilege log at this time. It is Plaintiffs' burden to satisfy *Shelton* to show that discovery is justified. Defendants need to satisfy the burdens associated with asserting privilege only after it is determined that discovery is otherwise permissible.

## II. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motions to quash and for a protective order (Dkt. ## 189, 195) and DENIES Plaintiffs' motion to compel (Dkt. # 197). In addition, as set forth in footnote 1, the court GRANTS Plaintiffs' motion for leave to file excess pages (Dkt. # 201) and DENIES Plaintiffs' motion for reconsideration (Dkt. # 202).

Dated this 23rd day of January, 2013.

JAMES L. ROBART
United States District Judge