1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    CAROLYN RYGG, et al.,                    CASE NO. C11-1827JLR

11                       Plaintiffs,           ORDER ON DISCOVERY
                                               MOTIONS
12               v.

13    DAVID F HULBERT, et al.,

14                       Defendants.

15          This matter comes before the court on three separate motions related to discovery

16    in this case. (*See* Mot. to Quash (Dkt. # 189); Mot. for Protective Order (Dkt. # 195);

17    Mot. to Compel (Dkt. # 197).) All three motions are about whether Plaintiffs Carolyn

18    Rygg and Craig Dilworth should be allowed to depose Defendants' attorneys. The court

19    holds that Plaintiffs have not made the required showing to depose attorneys in this case.

20    Accordingly, the court GRANTS Defendants' motions to quash and for a protective

21    order, and DENIES Plaintiffs' motion to compel.

22

ORDER- 1

1

## I.   ANALYSIS

2      All three motions in this case were filed after the deadline for discovery motions.

3   However, given the parties' evident disagreement on this issue, and in an effort to

4   conserve resources, the court finds good cause to rule on the motions in order to settle

5   this dispute and keep the case moving forward.

6   **A.      Motion to Quash and for Protective Order**

7      In a previous order, the court set forth a standard for when Plaintiffs would be

8   allowed to depose Defendants' attorneys:

9      > [I]f Plaintiffs want to depose Defendants' attorneys, as they have requested
      > to do, they must show that the information sought from the attorneys (1)

10     > cannot be obtained through other means; (2) is relevant and not covered by
      > privilege or the work-product doctrine; and (3) is necessary in preparing

11     > their case.

12   (1/4/13 Order (Dkt. # 188) at 7 (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323,

13   1327-28 (8th Cir. 1986)).) This standard is fairly straightforward, and as per the court's

14   order, it must be met before Plaintiff can depose any attorney representing Defendants in

15   this matter.[1]

16      Plaintiffs recently served subpoenas on many of the law firms and lawyers

17   connected to this case, but they did so without complying with the standard adopted in

18   the court's previous order. (*See* Reply (Dkt. # 198) at 1-2.) Plaintiffs make only one

19   _____

20      [1] Plaintiffs have filed a motion for reconsideration of the court's January 4, 2013, order
    setting forth the *Shelton* standard and a motion for leave to file excess pages for that motion.

21   The court GRANTS the motion for leave to file excess pages (Dkt. # 201) and DENIES the
    motion for reconsideration (Dkt. # 202), finding that there was no manifest error of law or fact in

22   its previous order and that reconsideration is not warranted under the standard set forth in Local
    Rules W.D. Wash CR 7(h).

1   attempt to satisfy the *Shelton* standard, which can be found in their response to

2   Defendants' motion to quash. (*See* Resp. (Dkt. # 192) at 10-14.) This attempt to satisfy

3   the standard is incomplete, unconvincing, and does not address all of the criteria from the

4   *Shelton* case. (*Id.*) Therefore, this effort is insufficient to carry Plaintiffs' burden and to

5   confer upon Plaintiffs any right to depose Defendants' attorneys.

6       Because Plaintiffs have not met their burden under *Shelton* and under the court's

7   previous order, the court GRANTS Defendants' motion to quash the subpoenas directed

8   at attorneys involved in this case, including the Attorney General's Office, Geoffrey

9   Gibbs, Byrnes Keller Cromwell, LLP, Cogdill Nichols Rein Wartelle Andrews Vail,

10   Brandstetter Law Offices, Anderson Hunter Law Firm, Weed Graafstra and Benson, Inc.

11   P.S., and the Snohomish County Prosecutor's Office. This extends not only to subpoenas

12   requesting depositions, but also to subpoenas *duces tecum* requesting documents from

13   Defendants' lawyers. The document requests are the substantial equivalent of

14   depositions for these purposes and are just as problematic as the deposition requests, and

15   for the same reasons.

16   **B.    Motion to Compel**

17       Plaintiffs have moved to compel production either of documents or of a privilege

18   log, or for various alternative forms of relief they propose. The court DENIES this

19   motion (Dkt. # 197). Plaintiffs argue that they cannot make the showing required under

20   *Shelton* unless they know what information Defendants are claiming is privileged. They

21   argue that Defendants must produce a privilege log pursuant to Federal Rule of Civil

22   Procedure 45(d)(2) so that Plaintiffs can then meet their burden of showing discovery is

ORDER- 3

1   warranted under *Shelton*.  This confuses the burden of proof under *Shelton* and applies

2   Rule 45(d)(2) prematurely.  Rule 45(d)(2) sets forth procedures that must be followed

3   when a party asserts a privilege.  But Defendants are not asserting a privilege here—they

4   are only insisting that Plaintiffs meet their burden under *Shelton*.  Thus, Rule 45(d)(2)

5   does not apply and Defendants are not required to produce a privilege log at this time.  It

6   is Plaintiffs' burden to satisfy *Shelton* to show that discovery is justified.  Defendants

7   need to satisfy the burdens associated with asserting privilege only after it is determined

8   that discovery is otherwise permissible.

9                                    **II.    CONCLUSION**

10          For the foregoing reasons, the court GRANTS Defendants' motions to quash and

11   for a protective order (Dkt. ## 189, 195) and DENIES Plaintiffs' motion to compel (Dkt.

12   # 197).  In addition, as set forth in footnote 1, the court GRANTS Plaintiffs' motion for

13   leave to file excess pages (Dkt. # 201) and DENIES Plaintiffs' motion for reconsideration

14   (Dkt. # 202).

15          Dated this **23**ᵉᵒ day of January, 2013.

16

17

                                        JAMES L. ROBART
18                                      United States District Judge

19

20

21

22

ORDER- 4