UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| CAROLYN RYGG, et al., | CASE NO. C11-1827JLR |
|---|---|
| Plaintiffs, | ORDER DENYING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| DAVID F. HULBERT, et al., | |
| Defendants. | |

Before the court is a Motion for Default Judgment (Dkt. # 229) brought by Plaintiffs Carolyn Rygg and Craig Dilworth (collectively, "the Ryggs"). The Ryggs ask the court to enter default judgment against Defendants Larry and Kaaren Reinertsen ("the Reinertsens"), arguing that the Reinertsens committed discovery violations warranting this sanction. Specifically, the Ryggs argue that the Reinertsens failed to respond to interrogatories and requests for production and committed "outright perjury" to the court. (Mot. (Dkt. # 229).) The court has considered the motion, the governing law, and the record and, considering itself fully advised, DENIES the motion (Dkt. # 229).

ORDER- 1

# I. BACKGROUND

This case involves a property-line dispute between two neighbors, the Ryggs and the Reinertsens. At this point, only two claims remain in the case: a claim for invasion of privacy and a claim for electronic eavesdropping. (*See* 4/24/2013 Order (Dkt. # 261) at 2.) As such, and because these claims are relatively straightforward, the court set an expedited two-month schedule for discovery.[1] (Sched. Ord. (Dkt. # 163); 2/12/2013 Order (Dkt. # 219).) The parties have completed discovery in a timely fashion, but the Ryggs now move for a default judgment claiming that the Reinertsens are guilty of numerous discovery violations. (*See* Mot.) However, the nature of the Ryggs' objections is such that they are only well-taken if the court accepts the Ryggs' version of the facts in this case as true in their entirety. The court declines to do so at this stage because, as the court held in a recent order denying summary judgment, there are still numerous outstanding factual issues that the court cannot resolve as a matter of law. (*See* 4/24/2013 Order at 9.) More to the point, the court concludes that the Ryggs have not produced enough evidence to show that the harsh sanction of default is warranted.

---

[1] As the court stated in a previous order, "[t]he court set a schedule designed to resolve this case in as expeditious a manner as possible. The situation uniquely called for expediency: only the wiretapping claim remained after Defendants' motion to dismiss (the others having been dismissed as entirely lacking in merit), and the case had already been litigated once before in state court. Counsel was by now extremely familiar with the subject matter of the claim and should have known what information was needed in discovery. The court set a discovery schedule accordingly, allowing two months for discovery and one month for discovery motions." (2/12/2013 Order (Dkt. # 219) at 3.)

ORDER- 2

## II.  ANALYSIS

### A.  Legal Standard for Sanctions

Federal courts have power to levy sanctions in response to abusive litigation practices under their inherent authority and under Federal Rule of Civil Procedure 37. *Fjelstad v. Am. Honda Motor. Co., Inc.*, 762 F.2d 1334, 1338 (9th Cir. 1985). In the Ninth Circuit, courts have inherent power to dismiss an action or enter default when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice. *Id.* However, courts may only impose these sanctions in "'extreme circumstances,'" and not "'merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case.'" *Id.* (quoting *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983)). To this end, courts only enter a sanction of dismissal or default where the sanctionable conduct is due to willfulness, fault, or bad faith. *Id.* at 1337. In deciding whether a sanction of dismissal or default is appropriate, district courts weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the opposing party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).

### B.  The Ryggs Have Not Shown that Sanctions are Warranted

The Ryggs ask the court to enter default judgment against the Reinertsens, but default judgment is not appropriate because the Ryggs have not shown extreme circumstances, willfulness, fault, or bad faith. *See Fjelstad*, 762 F.2d at 1338. The

1  Ryggs complain that the Reinertsens failed to respond to interrogatories, failed to
2  produce documents, and committed "outright perjury" in their depositions. (*See*
3  *generally* Mot.) The court will address each of the Ryggs' contentions in turn.

4  First, the Ryggs claim that the Reinertsens failed to respond to their "interrogatory
5  #6" and "request for production #6." (Mot. at 2-3.) Both of these requests ask the
6  Reinertsens to produce all evidence of communications between themselves and a broad
7  array of third parties that the Ryggs allege were involved in a conspiracy against them.
8  (Appendix A to Mot. (Dkt. # 229-1) at 4-5.) The Reinertsens responded to these requests
9  mostly by listing conversations they had with various third parties and claiming that they
10 did not know about other conversations or could not recall them, and that in any event
11 they had no documentary evidence of any correspondence or conversations. (*Id.* at 4-6.)
12 The Ryggs respond with snippets from emails and other correspondence that they found
13 on their own and that they believe demonstrate that these conversations took place. (*Id.*)
14 However, this evidence is weak at best in comparison to the broad discovery request
15 made by the Ryggs. The Ryggs' evidence consists of only a few brief and vaguely
16 suggestive documents (*see id.*) and does not come close to establishing that the
17 Reinertsens responded incorrectly to any discovery requests, that they did so in bad faith
18 or willfully, or that this represents the kind of "extreme circumstance" required to impose
19 a default sanction. *See Fjelstad*, 762 F.2d at 1338.

20 Second, the Ryggs claim that the Reinertsens failed to respond to their request for
21 information related to motion sensor devices then later admitted in a deposition that they
22 did not produce all the information they had. (Mot. at 3.) This allegation is also not

ORDER- 4

sufficient for the court to impose sanctions. It is true that the Reinertsens responded to an interrogatory by claiming they had only one motion sensor device (Appendix A at 1) then later admitted to having motion-activated security lights, but the court finds that this is not a material inconsistency in the context of the Ryggs' request. In any event, the inconsistency appears harmless, and there is certainly no indication that the Reinertsens made this response in bad faith, willfully, or that it represents an "extreme circumstance." *See Fjelstad*, 762 F.2d at 1338.

Third, the Ryggs claim that the Reinertsens committed "outright perjury" numerous times during discovery. (Mot. at 3-5.) The court finds that there is not currently enough evidence before it to make a determination with respect to this claim. All of the Ryggs' claims of perjury are predicated on comparing the Reinertsens' deposition transcripts with the Ryggs' version of the facts of this case. (*See* Appendix to Mot. (Dkt. # 229-2).) But the parties dispute the facts in this case vigorously, and the case is currently set for trial to resolve whose version of the facts is correct. (*See generally* 4/24/2013 Order.) Thus, there is nowhere close to enough evidence before the court to conclude that the Reinertsens have committed perjury, acted in bad faith or willfully, or that their conduct represents an "extreme circumstance" warranting a default sanction. *See Fjelstad*, 762 F.2d at 1338.

Finally, the court has weighed the five factors described in *Brotby*, 364 F.3d at 1115, and other cases and concludes that the factors do not favor entering default judgment. In particular, the court focuses on the risk of prejudice to the opposing party and the public policy favoring disposition of cases on their merits. *See id.* Imposing

sanctions at this stage would severely prejudice the Reinertsens and prevent this case from being resolved on its merits. This case is headed for trial because there are disputed facts that go to the core of the Ryggs' claims. (*See* 4/24/2013 Order at 9-10.) Both parties have expended substantial resources on this case so far, and it should be resolved according to its facts. In sum, the court concludes that the Ryggs have not shown that a default sanction is warranted.

### III. CONCLUSION

For the foregoing reasons, the court DENIES the Ryggs' motion for default judgment (Dkt. # 229).

Dated this 26th day of April, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 6