1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
                                   AT SEATTLE

9

10   CAROLYN RYGG, et al.,                    CASE NO. C11-1827JLR

11                  Plaintiffs,               ORDER DENYING PLAINTIFF'S
                                              MOTION FOR JUDICIAL
12          v.                                ESTOPPEL

13   DAVID F. HULBERT, et al.,

14                  Defendants.

15          Before the court is Plaintiffs Carolyn Rygg and Craig Dilworth's ("The Ryggs")

16   Motion for Judicial Estoppel.  (Mot. (Dkt. # 320).)  This motion seeks to prevent certain

17   Defendants in this matter, the Reinertsens and the McCartys, from "playing fast and loose

18   with the courts."  (*Id.* at 1.)  This case has already been decided on its merits.  A jury trial

19   was held in this matter in which the jury found for the Defendants, dismissing all of the

20   Ryggs' claims that their neighbors, the Reinertsens, were eavesdropping on them.  (*See*

21   Jury Verdict (Dkt. # 315).)  All other claims in this case were dismissed long ago.  (*See*

22   7/16/12 Order (Dkt. # 104).)

ORDER- 1

1    This motion borders on incoherence.  The Ryggs accuse the Reinertsens of lying

2   to this court about several matters that were peripheral to the Ryggs' eavesdropping

3   claims, including an alleged cloud on the title to their home, fabrication of evidence, and

4   allegations of ghostwriting and collusion.  (*See generally* Mot.)  The Ryggs also try to

5   raise issues that are either not a part of this lawsuit or have long since been resolved.

6   (*See id.*)  This motion and the Ryggs' allegations only underscore the fact that the Ryggs

7   appear to have no firm understanding of which issues are important to this case, when

8   those issues can be properly raised, or how to conduct civil motions practice in

9   conformity with applicable civil rules.

10    In any event, there is no basis for any of the relief sought by the Ryggs.  The court

11   is already familiar with the facts of this case, having presided over a jury trial and having

12   expended countless hours ruling on motions and, based on this understanding and a

13   review of the record, the court concludes that there is no factual support or merit to any of

14   the contentions that form the basis of this motion.  The Ryggs seek to conjure up a world

15   in which they have been wronged by everyone around them and cheated by the judicial

16   system, but this world does not exist.  This motion could only be looked upon favorably

17   by one living in the Ryggs' imagined world, and the court has seen no evidence to

18   support the vast conspiracy imagined by the Ryggs.  Thus, the court DENIES this motion

19   as factually unsupported.

20    The motion is legally unsupported as well.  Several factors typically inform a

21   court's decision whether to apply judicial estoppel, as the Ryggs request.  First, a party's

22   position must be "clearly inconsistent" with its earlier position.  *Abercrombie & Fitch*

ORDER- 2

1   *Co. v. Moose Creek, Inc.*, 486 F.3d 629, 633 (9th Cir. 2007).  That is not present here.

2   Second, there must be "judicial acceptance" of the inconsistent position.  *Id.*  That does

3   not exist here either.  Finally, the inconsistent position must result in an unfair advantage

4   or detriment to one of the parties.  *Id.*  The court can discern no unfair advantage or

5   detriment based on the allegations made by the Ryggs.  There is simply no basis for

6   granting the relief the Ryggs seek.  Accordingly, the court DENIES the Ryggs' motion

7   (Dkt. # 320).

8          Dated this 18th day of July, 2013.

9

10

11   _____

12   JAMES L. ROBART
     United States District Judge

13

14

15

16

17

18

19

20

21

22

ORDER- 3