UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN RYGG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAVID F. HULBERT, et al.,<br><br>    Defendants. | CASE NO. C11-1827JLR<br><br>ORDER ON MOTION FOR SANCTIONS |

Before the court is Defendants Larry and Kaaren Reinertsens' ("the Reinertsens") Motion for Sanctions against Plaintiffs Carolyn Rygg and Craig Dilworth ("the Ryggs"). (Mot. (Dkt. # 321).)  The Reinertsens move the court for an award of $102,306.25 in attorney's fees.  This case was tried to a jury, which ultimately found in Defendants' favor.  In the American legal system, the general rule is that parties pay their own attorneys' fees.  The Reinertsens argue that this case is an exception to that rule because the claims made against them were not grounded in fact.  The court does not agree for the reasons explained below and DENIES the Reinertsens' motion.

ORDER- 1

## I.  FACTUAL BACKGROUND

This case involves a property dispute between neighbors that has escalated into multiple costly, protracted lawsuits in both state and federal court.  In this iteration, the Ryggs brought 50 claims against multiple defendants including the Reinertsens, their attorneys, and numerous members of the Washington State Judiciary.  (Am. Compl. (Dkt. # 7).)  The Ryggs alleged a vast conspiracy to deprive them of justice and property, to invade their privacy, and to violate state and federal law.  (*See id.*)  The court dismissed all but two of the Ryggs' claims on a motion to dismiss.  (7/16/12 Order (Dkt. # 104).)

The two remaining claims were against the Reinertsens.  (*Id.* at 52-55.)  The Ryggs alleged that the Reinertsens eavesdropped on their litigation strategies and invaded their privacy using a bi-directional listening device that was set up inside the Reinertsens' home.  (*Id.*)  The Reinertsens moved for summary judgment, claiming that the so-called listening device was actually a telescope.  (*See* 4/24/13 Order (Dkt. # 261).)  The court denied summary judgment, ruling that there were "factual disputes going to the core of the Ryggs' claims," that there was an "equivocal record," and that "the parties have differing versions of the facts and . . . both parties support their version of the facts with evidence."  (4/24/13 Order at 2, 9.)  With summary judgment denied, the case proceeded to a four-day trial by jury, at the conclusion of which the jury returned a verdict for the Defendants, rejecting all of the Ryggs' claims.  Shortly thereafter, the Reinertsens moved for attorney's fees, citing Federal Rule of Civil Procedure 11, Washington Civil Rule 11, and RCW 4.84.185.

## II. ANALYSIS

This is not the first time Defendants in this case have moved for an award of attorney's fees as a sanction against the Ryggs. (*See* 9/21/12 Order (Dkt. # 147).) After the motion to dismiss, three defendants moved for sanctions. (*See id.*) The court denied sanctions to all Defendants for various reasons, but set forth the standard that applies on a Rule 11 motion. (*See id.* at 4-6.)

**A. Rule 11 Standard**

Federal Rule of Civil Procedure 11 requires (1) that claims not be brought for an improper purpose, (2) that claims be warranted by existing law or by a non-frivolous argument for extending, modifying, reversing, or establishing new law, and (3) that factual contentions have evidentiary support or will likely have such support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b). A party may move for Rule 11 sanctions subject to several procedural requirements, including a 21-day grace period known as the Rule 11 "safe harbor." Fed. R. Civ. P. 11(c)(2); Fed. R. Civ. P. 11 advisory committee's note.[1] *See Winterrowd v. Am. Gen. Annuity Ins.*, 556 F.3d 815, 826 (9th Cir. 2009).

Rule 11 sanctions involve a two-prong inquiry. A court should inquire (1) whether the complaint and the claims advanced are legally or factually 'baseless' from an objective perspective, and (2) whether the attorney has conducted 'a reasonable and competent inquiry' before signing, filing, and pursuing those claims. *Christian v. Mattel,*

---

[1] The parties dispute whether the safe harbor provision was satisfied here, but the court finds it unnecessary to decide this issue, finding that sanctions are not warranted anyway.

*Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)). In other words, it is not enough that an attorney conducted an insufficient factual investigation before filing the complaint; to be frivolous, the complaint must also be, from an objective perspective, legally or factually baseless. *See In re Keegan Mgmt. Co.*, 78 F.3d 431, 434-35 (9th Cir. 1996). In assessing whether the filing of a particular paper was frivolous under Rule 11, the court should not consider the ultimate failure on the merits or the subjective bad faith of the signing attorney, but rather whether the position taken was "legally unreasonable" or "without factual foundation." *Zaldivar v. City of L.A.*, 780 F.2d 823, 831 (9th Cir. 1986), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399-405 (1990). Rule 11 is an extraordinary remedy, one to be exercised with extreme caution. *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992) (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)).

**B.  Applying Rule 11 To This Case**

This case is different from the ordinary Rule 11 case because the Ryggs' claims survived not only a motion to dismiss, but also a motion for summary judgment. In an ordinary case, "most claims that would warrant an award of attorney's fees [because they are] truly frivolous, unreasonable, or without foundation . . . will not survive summary judgment." *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 242 (1st Cir. 2010) (citations and internal quotation marks omitted). This is because, to overcome a summary judgment motion, a plaintiff must introduce evidence that creates a genuine dispute of material fact as to the substance of her claims, i.e., a dispute that "could be resolved in favor of either

party and has the potential of affecting the outcome of the case." *Id.* The plaintiff's ability to make such a showing "surely reflects on the question of whether the claim was, at the time, clearly frivolous, unreasonable, or without foundation." *Id.*

Indeed, the Advisory Committee Note to Rule 11 states that: "[I]f a party has evidence with respect to a contention that would suffice to defeat a motion for summary judgment based thereon, it would have sufficient 'evidentiary support' for purposes of Rule 11." Fed. R. Civ. P. 11 advisory committee's note. Ninth Circuit case law bears out this principle, holding that denial of a motion to dismiss or a motion for summary judgment suggests that claims were not entirely without merit. *Jensen v. Stangel*, 762 F.2d 815, 818 (9th Cir. 1985) (citing *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980)). And as other circuits have held, where denial of summary judgment rested on the merits, not on a procedural point, there is nothing to "dispel the natural inference that denial of summary judgment was based on a determination of the adequacy of support for plaintiffs' claims at the time of the summary judgment ruling." *Lamboy*, 630 F.3d at 242-43.

The Ryggs' eavesdropping and invasion of privacy claims survived not only a motion to dismiss, but summary judgment as well. The court specifically found that there were "factual disputes going to the core of the Ryggs' claims," that there was an "equivocal record," and that "the parties have differing versions of the facts and . . . both parties support their version of the facts with evidence." (4/24/13 Order at 2, 9.)

Based on this and on the court's extensive familiarity with this case, the court cannot conclude that the Ryggs' allegations against the Reinertsens were "legally or factually 'baseless' from an objective perspective," *see Christian*, 286 F.3d at 1127, or

ORDER- 5

that the positions they took were "legally unreasonable" or "without factual foundation," *see Zaldivar*, 780 F.2d at 831. The court is mindful that Rule 11 is an extraordinary remedy to be exercised with extreme caution and DENIES the Reinertsens' motion for sanctions under Federal Rule of Civil Procedure 11. *Conn*, 967 F.2d at 1421.

### C. Other Grounds for Sanctions

The Reinertsens also move for sanctions under Washington Superior Court Civil Rule (CR) 11 and RCW 4.84.185. Civil Rule 11 resembles its federal counterpart, and forms a basis for sanctions where an attorney advances claims that (1) are not well grounded in fact; (2) are not warranted by existing law; or (3) are not warranted by a good faith argument for altering existing law or establishing new law. CR 11. To avoid being swayed by the benefit of hindsight, a trial court should impose sanctions only when it is patently clear that a claim has absolutely no chance of success. *Skimming v. Boxer*, 82 P.3d 707, 711 (Wash. Ct. App. 2004). Likewise, under RCW 4.84.185, a trial court may award attorney's fees to the prevailing party if the action was "frivolous and advanced without reasonable cause." RCW 4.84.185. A lawsuit is "frivolous" under RCW 4.84.185 if, when considering the action in its entirety, it cannot be supported by any rational argument based in fact or law. *Dave Johnson Ins., Inc. v. Wright*, 275 P.3d 339, 355 (Wash. Ct. App. 2012).

In light of the above discussion, neither of these standards is met here. The court concludes that CR 11 and RCW 4.84.185 do not apply here for the same reasons Federal Rule of Civil Procedure 11 does not apply: the Ryggs' claims against the Reinertsens survived a motion to dismiss and a summary judgment motion, and the court cannot

conclude that they were wholly frivolous, advanced without reasonable cause, or unsupported by rational argument. *See* RCW 4.84.185; *see also Dave Johnson Ins.*, 275 P.3d at 355. At no point in the litigation was it "patently clear" that the Ryggs' claims had "absolutely no chance of success." *See Skimming*, 82 P.3d at 711. For example, at the summary judgment stage, the court concluded there was evidence to support the Ryggs' claims and that it was appropriate for the case to proceed to trial. (4/24/13 Order at 2, 9.) Nothing changed before trial to alter this state of affairs. Accordingly, the court DENIES the Reinertsens' motion for sanctions under CR 11 and RCW 4.84.185.

The court can discern only one other possible basis for sanctions. Under 28 U.S.C. § 1927, an attorney may be required to personally satisfy excess costs, expenses, and fees if that attorney "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. In many ways, this case is a prime candidate for sanctions under this section. The Ryggs have filed 35 motions in this case since the court's ruling on the original motion to dismiss. (*See* Dkt. ## 109-10, 141, 146, 165, 168, 170, 184, 197, 201-02, 209-12, 215-16, 218, 226-27, 229, 249, 254, 264-67, 292, 294, 298, 309-10, 320, 330-31.) Many of these motions have been meritless and unnecessary. In addition, Defendants were forced to file three additional motions to quash improperly-requested discovery. (*See* Dkt. ## 182, 189, 195.) By any standard, the court could justify sanctioning the Ryggs' counsel based on this multiplication of proceedings. However, sanctions under 28 U.S.C. § 1927 are not appropriate in this case for a simple reason: the Reinertsens did not need to respond to the vast majority of the Ryggs' filings, so those filings cost the Reinertsens nothing. Of the 35 motions brought by the Ryggs,

ORDER- 7

the Reinertsens filed responses to seven: a Motion to Stay (Dkt. # 184), a Motion for Summary Judgment (Dkt. # 229), a Motion to Reveal Ghost Writer (Dkt. # 249), a Motion to Supplement the Record (Dkt. # 254), Motions in Limine (Dkt. # 264), a Motion to Amend (Dkt. # 265), and a Motion for Judicial Estoppel (Dkt. # 320). This is a reasonable number of motions for a case that went all the way to trial. Accordingly, the court cannot justify sanctioning the Ryggs' attorney under 28 U.S.C. § 1927.

### III. CONCLUSION

For the foregoing reasons, the court DENIES the Reinertsens' motion for sanctions (Dkt. # 321).[2]

Dated this 18th day of July, 2013.

JAMES L. ROBART
United States District Judge

---

[2] The Ryggs, in their response to this motion, cross-move for sanctions against the Reinertsens under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the court's inherent power. This cross-motion, to the extent it is procedurally appropriate, is meritless and is denied.