1

2

3

4

5

6

7      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

9

10   CAROLYN RYGG, et al.,                    CASE NO. C11-1827JLR

11                   Plaintiffs,              ORDER ON POST-TRIAL
                                              MOTIONS
12            v.

13   DAVID F. HULBERT, et al.,

14                   Defendants.

15        Before the court are Plaintiffs Carolyn Rygg and Craig Dilworth's ("the Ryggs")

16   Motions for Judgment Notwithstanding the Verdict (Dkt. # 330) and for a New Trial

17   (Dkt. # 331). This case was tried to a jury, which ultimately found in Defendants' favor.

18   (Jury Verdict (Dkt. # 315).) The parties and the court are by now abundantly familiar

19   with the facts of the case, so the court will not repeat them here.

20        The court DENIES the Ryggs' Motion for Judgment Notwithstanding the Verdict.

21   This motion is a renewal of the Ryggs' previously-denied motion for sanctions and

22   default. (*See* Mot. for JNOV (Dkt. # 330) at 1; *see also* 4/26/13 Order (Dkt. # 262).)

1    Despite having lost this issue before, the Ryggs now claim that facts came out at trial

2    requiring the court to reverse its previous ruling on this issue and find in their favor.  This

3    motion has no merit.  Nothing happened at trial that would cast the slightest doubt on the

4    court's previous ruling.  The facts presented at trial were consistent with the facts in the

5    record at the time the court ruled on the Ryggs' original motion.  Accordingly, the court

6    DENIES this motion for the same reasons it denied the same motion the first time around.

7    (*See* 4/26/13 Order.)

8        The court also DENIES the Ryggs' Motion for a New Trial.  Under Rule 59(a), a

9    trial court may grant a new trial "after a jury trial, for any reason for which a new trial has

10   heretofore been granted in an action at law in federal court."[1]  Fed. R. Civ. P.

11   59(a)(1)(A).  The Ninth Circuit has held that "[t]he trial court may grant a new trial only

12   if the verdict is contrary to the clear weight of the evidence, is based upon false or

13   perjurious evidence, or to prevent a miscarriage of justice."  *Passantino v. Johnson &*

14   *Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000).  The decision to grant

15   a new trial is within the sound discretion of the trial court and will be reversed only for an

16   abuse of that discretion.  *Wharf v. Burlington N. R.R. Co.*, 60 F.3d 631, 637 (9th Cir.

17   1995).

18   

19   

20        [1] The Ninth Circuit has noted that "Rule 59 does not specify the grounds on which a
     motion for a new trial may be granted."  *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035
     (9th Cir. 2003).  Rather, the court is "bound by those grounds that have been historically
21   recognized."  *Id.*  Historically recognized grounds include, but are not limited to, claims "that the
     verdict is against the weight of the evidence, that the damages are excessive, or that, for other
22   reasons, the trial was not fair to the party moving."  *Montgomery Ward & Co. v. Duncan*, 311
     U.S. 243, 251 (1940).

1    The Ryggs have requested a new trial for a litany of reasons that reflect their

2    apparent belief that this court (along with the Washington State Judiciary) has been

3    working in conspiracy with the Defendants against them.  (*See generally* Mot. for New

4    Trial (Dkt. # 331) at 2-10.)  For example, they claim that the court permitted false

5    evidence and improper argument at trial, allowed improper questioning and appeals to the

6    jury's passion, crafted improper jury instructions, ruled against them unfairly on

7    numerous issues, cut off the testimony of their expert witness, and prevented the Ryggs

8    from arguing their case.  (*Id.*)  The Ryggs' arguments on this score are completely

9    without merit and amount to rehashes of arguments the Ryggs made at trial and in

10   previous motions that were denied.  (*See generally id.*)  Some of these arguments invite

11   the court to revisit its pretrial rulings and to reverse course, after trial, on rulings made

12   during trial.  (*See, e.g.*, *id.* at 8-10.)  However, the Ryggs present no compelling reasons

13   suggesting that these rulings were incorrect.  (*See id.*)  Instead, they simply assert error

14   where it appears to the court, after careful study and reflection, that there is none.  Other

15   arguments invite the court to re-weigh the evidence presented to the jury and reconsider

16   numerous evidentiary rulings made at trial.  (*See, e.g.*, *id.* at 2-9.)  But again, the Ryggs

17   have not demonstrated that the court's rulings were incorrect at the time they were made,

18   and the court can discern no error warranting an exercise of its discretion to grant a new

19   trial.

20       In any event, there is no indication whatsoever that the verdict is contrary to the

21   clear weight of the evidence, was based upon false or perjurious evidence, or represents a

22   miscarriage of justice.  *Passantino*, 212 F.3d at 510 n.15.  None of those standards is

1    close to being met here.  Accordingly, and for the reasons explained above, the court

2    DENIES the Ryggs' motion for a new trial (Dkt. # 331).

3           Dated this 18th day of July, 2013.

4

5

6           _____
            JAMES L. ROBART
7           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 4